IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL RUFFIN,

    Plaintiff,
v.                                            CASE NO. 3:17-cv-415-MCR-GRJ

M POUPARINAS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently confined at Columbia CI, initiated this case by filing a Complaint, ECF No. 1, and seeks leave to proceed as a pauper, ECF No. 2.  The allegations of the Complaint stem from the conditions of confinement at Century CI.  Specifically, Plaintiff alleges that medical staff at Century CI refused to replace his prescription glasses after they went missing following a period of disciplinary confinement.  ECF No. 1 at 10-11.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated

other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service, and if so to identify each and every case so dismissed. ECF No. 1 at 3-4. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed three prior federal civil rights cases, as well as several federal habeas corpus cases and state case. *Id*. at 4-8. Among the three federal civil cases identified by Plaintiff was *Ruffin v. Pouparinas*, Case No. 3:16-cv-290-LC-CJK. That case concerned the same underlying facts as the instant case. It was dismissed as malicious because Plaintiff failed to truthfully disclose his other two prior federal civil actions: *Ruffin v. Freeman-Lohan*, Case No. 4:09-cv-325-SPM-WCS and *Ruffin v. Brown*, Case No. 4:09-cv-326-RH-AK. *See Ruffin*, Case No. 3:16-cv-290-LC-CJK ECF No. 5 (report and recommendation) and ECF No. 7 (adopting R&R

and dismissing case as malicious for abuse of the judicial process).

A review of the docket in *Ruffin v. Pouparinas*, Case No. 3:16-cv-290-LC-CJK reflects that Plaintiff filed another federal civil action that he failed to identify in his verified Complaint. Plaintiff appealed the dismissal of that case to the Eleventh Circuit. *See id*. ECF No. 9. The appeal was docketed as Appeal Number 16-15431-B. On April 4, 2017, the appeal was dismissed as frivolous. Plaintiff's failure to identify this appeal in his verified complaint is significant because the dismissal as frivolous counts as a "strike" pursuant to 28 U.S.C. § 1915(g).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his

attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff stated in the Complaint that he is "unsure . . . if any other prior cases have been filed."  ECF No. 1 at 8.  The Court finds that this statement does not excuse Plaintiff's lack of candor.  The appeal that he failed to disclose was dismissed little more than two months before this case was filed.  Moreover, Plaintiff was aware of the disclosure requirement because of the dismissal of that same case as malicious by the district court for failing to disclose prior federal actions.

The undersigned therefore concludes that dismissal of this case for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process will be without prejudice to Plaintiff re-filing his claims, but will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).  If Plaintiff accumulates three

strikes he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper be denied and that this case should be **DISMISSED** as malicious for abuse of the judicial process.  The dismissal of this case as malicious will operate as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 20th day of June 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**